The document below is hereby signed.

Signed: May 25, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JAPHET NDUKWE NWOSU, | ) | Case No. 09-00321 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER RE MOTION TO
GRANT RELIEF FROM DISCHARGE, AND LIFT THE AUTOMATIC STAY

Alvin Sharples has a discharged claim against the debtor Nwosu for injuries arising from a motor vehicle accident. He has filed a motion in which he seeks relief from the debtor's discharge and a lifting of the automatic stay so that he can proceed in a District of Columbia Superior Court action "to obtain a judgment, the recovery of which will be limited to Respondent's available liability insurance."[1]

---

[1] Sharples states that he "has already obtained a settlement offer from [the debtor's] liability insurance carrier for the full amount of his available insurance on the date of the accident, suggesting he possesses a high likelihood of success with his claim." Sharples does not explain why he cannot merely accept that settlement offer, and avoid the necessity of proceeding to obtain a judgment in the Superior Court. But I will assume that the insurance carrier is conditioning its offer on the litigation in the Superior Court being concluded by a judgment.

I

Although the debtor's discharge gave rise to an injunction against collection of the debt as a personal obligation of the debtor, it is well established that pursuit of a claim against the debtor in order to pursue collection on an insurance policy does not run afoul of the discharge injunction. *Houston v. Edgeworth (In re Edgeworth)*, 993 F.2d 51, 54 (5th Cir. 1993); *Patronite v. Beeney (In re Beeney)*, 142 B.R. 360 (9th Cir. B.A.P. 1992). Although he casts his motion as seeking relief from the discharge injunction, Sharples has relied upon *In re Edgeworth*, and in effect asks the court to declare that the discharge injunction will not apply. Such a request for declaratory relief does not relate to a determination under Fed. R. Bankr. P. 7001(6) of the dischargeabilty of the debt owed to Sharples. (Indeed, he concedes the claim was discharged.) Nor does it relate to any other category of proceeding enumerated in Fed. R. Bankr. P. 7001(1) through (8). Accordingly, the request does not require an adversary proceeding by reason of Fed. R. Bankr. P. 7001(9). *See In re Three Strokes Ltd. Partnership*, 397 B.R. 804, 807 (Bankr. N.D. Tex. 2008).

II

The entry of the order granting the debtor a discharge already terminated the automatic stay of 11 U.S.C. § 362(a) with respect to suing the debtor. 11 U.S.C. § 362(c)(2)(C).

Accordingly, any request for relief from the automatic stay in that regard is unnecessary and will not be granted.

Nevertheless, the automatic stay would still be in place with respect to any property of the estate that remained such despite the closing of the case. *See* 11 U.S.C. §§ 362(c)(1) and 554(c). Relief from the automatic stay would still be necessary to pursue proceeds of the debtor's insurance policy if they were property of the estate.

Although insurance proceeds sometimes are treated as property of the estate (for example, when the proceeds are payable to the debtor), Sharples has not mentioned any facts that would suggest that the proceeds of the insurance policy ever were property of the estate. *See In re Edgeworth*, 993 F.2d at 55-56. Nevertheless, his motion can be seen as seeking relief from the automatic stay to pursue such insurance proceeds in the event that they *are* property of the estate, without the necessity of determining whether the proceeds are property of the estate. I think that Sharples' motion is unnecessary, but will nevertheless grant the motion. Because holders of unsecured claims against the debtor, in general, would not be entitled to pursue a claim against the insurance proceeds (with only entities who suffered injuries compensable under the liability insurance policy entitled to recover proceeds under the insurance policy), cause exists to grant relief from the automatic stay.

III

In accordance with the foregoing, it is

ORDERED that it is declared that despite the debtor's discharge, Alvin Sharples is authorized to sue the debtor to obtain a judgment for whatever debt the debtor owes him provided that recovery on that judgment is limited to the debtor's available liability insurance.  It is further

ORDERED that relief from the automatic stay is granted to pursue recovery of the proceeds of the debtor's liability insurance in the event that such proceeds could be deemed to be property of the estate.  It is further

ORDERED that this case is closed anew.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; and Michael J. Johnson, Esq.